IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DON L. HUSK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | CIVIL ACTION NO. H-12-1630 |
| COMPANY; HOMEWARD RESIDENTIAL, | § | |
| INC. f/k/a American Home | § | |
| Mortgage Servicing, Inc.; and | § | |
| AMERICAN MORTGAGE GROUP, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Don L. Husk originally brought this suit against Defendants Deutsche Bank National Trust Company ("Deutsche"), Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("HRI"), and American Mortgage Group, L.L.C. ("AMG") (collectively, "Defendants") in the 9th Judicial District Court of Montgomery County, Texas, where it was filed under Cause Number 12-03-02363-CV. Deutsche and HRI removed the action to this court.[1] Pending before the court are AMG's Motion for Summary Judgment (Docket Entry No. 12) and Deutsche Bank and HRI's Motion for Judgment on the Pleadings and Brief in Support (Docket Entry No. 18). Also pending before the court is Husk's request for leave

---

[1] AMG consented to removal the same day. Defendant American Mortgage Group L.L.C.'s Consent to Removal, Docket Entry No. 4.

to amend (contained in Plaintiff's Response to Deutsche and HRI's Motion for Judgment on the Pleadings, Docket Entry No. 21). After careful consideration of the motions and relevant law the court is persuaded that AMG's Motion for Summary Judgment and Deutsche Bank and HRI's Motion for Judgment on the Pleadings should be granted, and that Husk's request for leave to amend should be denied.

## I. Background

In August of 2006 Husk obtained financing to purchase a home by executing a promissory note and deed of trust.[2] Husk alleges that AMG acted as his mortgage broker in connection with the loan.[3] The promissory note, dated August 29, 2006, stated that Husk was obligated to pay interest at a yearly rate of 10.300%, subject to changes based on an interest rate index.[4] AMG also provided Husk with a United States Department of Housing and Urban Development Settlement Statement ("the HUD") that "disclosed the fees that [Husk] would be charged in connection with the loan."[5] The HUD included fees that Husk would pay to AMG, as well as a "Yield

---

[2]First Amended Petition, Docket Entry No. 8, ¶¶ 12-13; see Adjustable Rate Note, Ex. A to First Amended Petition, Docket Entry No. 8-1; Deed of Trust, Ex. B to First Amended Petition, Docket Entry No. 8-2. Husk alleges that Deutsche eventually acquired the note and deed of trust. First Amended Petition, Docket Entry No. 8, ¶ 14.

[3]First Amended Petition, Docket Entry No. 8, ¶ 15.

[4]Adjustable Rate Note, Ex. A to First Amended Petition, Docket Entry No. 8-1, ¶¶ 2, 4.

[5]First Amended Petition, Docket Entry No. 8, ¶ 16.

Spread Premium" ("YSP") that the original lender would pay to AMG.[6] The following language was included above Husk's signature on the HUD:

> I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.
>
> I hereby authorize the Settlement Agent to make expenditures and disbursements as shown above and approve same for payment.[7]

Husk signed the HUD on August 30, 2006.[8] Husk now alleges that the YSP was a "kickback" paid by the original lender to AMG "in exchange for [AMG] misleading [Husk] into accepting a higher interest rate than was actually available."[9]

Husk filed his First Amended Petition on August 8, 2012, asserting state-law claims against AMG for common-law fraud, fraud by nondisclosure, statutory fraud, negligent misrepresentation, and breach of fiduciary duty.[10] Husk alleges in these claims that he

---

[6]The HUD, Ex. C to First Amended Petition, Docket Entry No. 8-3, p. 2, lines 801-812.

[7]Id. at 3.

[8]Id.

[9]First Amended Petition, Docket Entry No. 8, ¶¶ 17-19.

[10]Id. ¶¶ 21-44. Husk also asserts "Breach of Agent-Principal Relationship/Suit for an Accounting" as an "alternative to breach of fiduciary duty." Id. ¶ 44. Because an agent-principal relationship creates a fiduciary duty regardless of the context in which it arises, see Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 200 (Tex. 2002), the court considers the breach of fiduciary
(continued...)

has suffered monetary injuries to the extent that he accepted terms and an interest rate that were less favorable than the best available.[11] Husk also asserts a claim against AMG under the federal Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2607, which prohibits the receipt of "kickbacks" for referring a borrower to a lender in connection with a mortgage loan.[12] Husk reasons that AMG's actions are imputed to the original lender; that Deutsche purchased the note and deed of trust from the original lender; and therefore that Deutsche is liable for any actions imputed to the original lender that arise out of the mortgage documents.[13]

On August 17, 2012, AMG filed its Motion for Summary Judgment.[14] AMG argues that each of Husk's claims is barred by the applicable statute of limitations.[15] In response, Husk argues that under the "discovery rule," and alternatively under the doctrine of "fraudulent concealment," the limitations period has not yet run.[16]

---

[10](...continued)
duty claim to include any breach of the agent-principal relationship claim.

[11]First Amended Petition, Docket Entry No. 8, ¶¶ 23, 29, 34, 37, 40.

[12]Id. ¶¶ 45-46.

[13]Id. ¶¶ 47-48.

[14]AMG's Motion for Summary Judgment, Docket Entry No. 12.

[15]Id. ¶ 2.02; see also AMG's Reply to Plaintiff's Response to Motion for Summary Judgment ("AMG's Reply"), Docket Entry No. 20.

[16]Plaintiff's Response to Defendant AMG's Motion for Summary Judgment ("Response to AMG"), Docket Entry No. 19, ¶¶ 17, 25.

Deutsche and HRI filed their Motion for Judgment on the Pleadings on September 4, 2012.[17] Deutsche and HRI argue that all claims should be dismissed because Husk does not assert any causes of action against HRI and because Deutsche cannot be liable for the alleged misdeeds of the original lender.[18] Husk filed a response on September 25, 2012, arguing that Deutsche and HRI, as Deutsche's agent, are liable for the actions of the original lender because Deutsche is not a holder in due course.[19] Included in the response is Husk's request for leave to amend.[20]

## II. AMG's Motion for Summary Judgment

### A. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure mandates summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." Lincoln Gen. Ins. Co. v. Reyna,

---

[17]Deutsche and HRI's Motion for Judgment on the Pleadings and Brief in Support, Docket Entry No. 18.

[18]Id. at 3-4.

[19]Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings ("Response to Deutsche and HRI"), Docket Entry No. 21, ¶¶ 10-12.

[20]Id. ¶ 18.

401 F.3d 347, 349 (5th Cir. 2005). Once the movant has carried this burden, the nonmovant must show that specific facts exist over which there is a genuine issue for trial. Reyna, 401 F.3d at 349. The nonmovant may not rest upon mere allegations in the pleadings to make such a showing. Reyna, 401 F.3d at 350. To create a genuine fact issue, more than some "metaphysical doubt as to the material facts" is required. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

The parties may support the existence or nonexistence of a genuine fact issue by either (1) citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, admissions, and interrogatory answers, or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)-(B). In reviewing this evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). A claim barred by the applicable statute of limitations may be properly disposed of by summary judgment. Sheets v. Burman, 322 F.2d 277, 278 (5th Cir. 1963).

B.  **Statutes of Limitations and Tolling**

The statutes of limitations for Husk's state law claims are governed by Texas law. Kansa Reinsurance Co., Ltd. v.

Congressional Mortg. Corp. of Texas, 20 F.3d 1362, 1369 (5th Cir. 1994). The following statutes of limitations apply to Husk's causes of action: four years for each fraud claim, TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); two years for the negligent misrepresentation claim, id. § 16.003(a); and four years for the breach of fiduciary duty claim, id. § 16.003(a)(5). Under the Texas "discovery rule," however, a statute of limitations does not run from the date of the defendant's wrongful act or omission, but from the date that the injury was or should have been discovered by the plaintiff. Weaver v. Witt, 561 S.W.2d 792, 793-94 (Tex. 1977). The rule applies only "if the injury is both inherently undiscoverable and objectively verifiable." K3C Inc. v. Bank of America, N.A., 204 F. App'x 455, 462 (5th Cir. 2006) (citing HECI Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998)). An injury is "inherently undiscoverable" if, by its nature, it is unlikely to be discovered within the limitations period despite the exercise of reasonable diligence by the plaintiff. Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734-35 (Tex. 2001).

Similarly, the Texas doctrine of "fraudulent concealment" tolls the limitations period "'until the fraud is discovered or could have been discovered with reasonable diligence.'" Hunton v. Guardian Life Ins. Co. of Am., 243 F. Supp. 2d 686, 699 (S.D. Tex. 2002) (quoting Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 531 (Tex. 1997)). The doctrine "estops" a defendant who concealed

the perpetration of fraud from relying on a statute of limitations defense.  Hunton, 243 F. Supp. 2d at 699.

RESPA claims brought under 12 U.S.C. § 2607 carry a one-year statute of limitations.  12 U.S.C. § 2614.  Federal law also recognizes a "fraudulent concealment" doctrine.  A plaintiff may invoke the doctrine by proving (1) that the defendant "concealed the conduct complained of" and (2) that the plaintiff "failed, despite the exercise of due diligence on his part, to discover the facts that form the basis of his claim."  Texas v. Allan Constr. Co., 851 F.2d 1526, 1528 (5th Cir. 1988) (internal quotation marks omitted).  To satisfy the first element, the defendant must have engaged in "affirmative acts of concealment."  Id. at 1531.

A defendant asserting the statute of limitation defense bears the burden of proof on that defense.  Crescent Towing & Salvage Co. v. M/V Anax, 40 F.3d 741, 744 (5th Cir. 1994) (federal law); KPMG Peat Marwick v. Harrison Cnty. Hsg. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999) (Texas law).  At the summary judgment stage the plaintiff bears the burden to provide specific facts to support the applicability of the "discovery rule" or the "fraudulent concealment" doctrine.  McGregor v. La. State Univ. Bd. of Supervisors, 3 F.3d 850, 865 (5th Cir. 1993) (federal law); Weaver, 561 S.W.2d at 794 n.2 (Texas law).

C.  **Analysis**

AMG's Motion for Summary Judgment is based on statute of limitations defenses.  AMG contends that the statutory period for

-8-

each claim began to run, at the latest, on August 30, 2006, when Husk was provided with and signed the HUD.[21] AMG further argues that Husk's allegations "relate solely to information that was readily available" when the loan was executed in 2006.[22] AMG therefore reasons that Husk's alleged injuries were not "inherently undiscoverable."[23]

Husk contends, however, that the statute of limitations only began to run on February 28, 2012, when his attorney performed an in-depth review of the documents relating to his home.[24] Invoking the "discovery rule," Husk argues that his injury was "inherently undiscoverable" because he only had the opportunity to discover AMG's "deceitful conduct" after learning in 2012 that AMG had "received a kickback in the form of a YSP from the Original Lender in exchange for misleading Plaintiff into accepting a higher interest rate than what he qualified for."[25] Husk relies alternatively on the "fraudulent concealment" doctrine to show that the statutes of limitations do not bar his claims.[26]

---

[21] AMG's Motion for Summary Judgment, Docket Entry No. 12, ¶ 3.02.

[22] Id. ¶ 3.05.

[23] Id. ¶ 3.02.

[24] First Amended Petition, Docket Entry No. 8, ¶ 52; Response to AMG, Docket Entry No. 19, ¶ 17.

[25] Response to AMG, Docket Entry No. 19, ¶ 20.

[26] Id. ¶ 25.

The court concludes that AMG has satisfied its burden to show that the statute of limitations bars Husk's claims. In Texas the general rule is that a cause of action accrues and the statute of limitations begins to run when "a wrongful act causes some legal injury . . . even if all the resulting damages have not yet occurred." Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex. 1997). A cause of action brought under RESPA, 12 U.S.C. § 2607, begins to accrue when the alleged "kickback" is paid. Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359 (5th Cir. 2003).

The summary judgment record reveals that Husk signed the promissory note (containing the applicable interest rate) on August 29, 2006,[27] and the HUD (containing the fees and YSP) on August 30, 2012.[28] Accordingly, the state-law causes of action would have begun to accrue at the latest on August 30, 2006, after Husk had signed the documents obligating him to the specified terms and interest rate. If AMG committed fraud (four-year statute of limitations) or negligent misrepresentation (two-year statute of limitations) or breached its fiduciary duty to Husk (four-year statute of limitations), the legal injury giving rise to those claims would have been caused when the promissory note and HUD were executed. The cause of action under RESPA would have begun to

---

[27]Adjustable Rate Note, Ex. A to First Amended Petition, Docket Entry No. 8-1.

[28]The HUD, Ex. C to First Amended Petition, Docket Entry No. 8-3.

accrue on August 30, 2006, when Husk approved the payment of the YSP from the original lender to AMG.[29]

Husk's claims are therefore barred unless the applicable statutes of limitations were tolled. To prevail Husk must offer specific facts to show that the "discovery rule" or the "fraudulent concealment" doctrine applies. The court concludes that Husk has not carried this burden. Specifically, the injury that forms the basis of each of Husk's state-law claims is not "inherently undiscoverable." The allegedly excessive interest rate and unfavorable terms were discoverable through "the exercise of reasonable diligence" when Husk signed the promissory note and the HUD. Horwood, 58 S.W.3d at 734-35. Husk's attorney "discovered" nothing that would toll the statutes of limitations. The "discovery rule" therefore does not apply.

The court further concludes that AMG is not "estopped" from asserting the statute of limitations defense under the Texas "fraudulent concealment" doctrine because Husk has provided no evidence to show that AMG concealed the perpetration of any fraud. See Hunton, 243 F. Supp. 2d at 699. For similar reasons, the court concludes that the federal "fraudulent concealment" doctrine does not apply to toll the RESPA claim. See Allan, 851 F.2d at 1528 (defendant must have engaged in "affirmative acts of concealment"

---

[29]Husk does not argue that the alleged "kickback" was paid at any later date.

-11-

to toll the statute of limitations). AMG is therefore entitled to summary judgment as a matter of law.

### III. Motion for Judgment on the Pleadings

#### A. Standard of Review

A motion brought pursuant Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. Greenberg v. General Mills Fun Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. See In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 209 (5th Cir. 2010); Guidry v. American Public Life Insurance Co., 512 F.3d 177, 180 (5th Cir. 2007). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002). When considering a Rule 12(b)(6) motion to dismiss courts are generally able to look only to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

**B.    Analysis**

   1.    <u>HRI</u>

In their Motion for Judgment on the Pleadings Deutsche and HRI argue that HRI should be dismissed because Husk does not assert a single cause of action against HRI.[30] In response to this issue, Husk argues only that "Deutsche, and by extension their agent Defendant HRI's liability to Plaintiffs arises due to their lack of holder in due course status."[31] The court is not persuaded by Husk's agency argument. Husk does not refer to HRI in the "Facts," "Causes of Action," or "Theories of Liability" section of the First Amended Petition. In fact, Husk fails to plead a single factual allegation regarding HRI's liability. The court therefore concludes that HRI is entitled to judgment as a matter of law and that all claims against HRI should be dismissed.[32]

   2.    <u>Deutsche</u>

Husk asserts causes of action against Deutsche under the theory that AMG's actions are imputed to the original lender and that Deutsche is liable for any actions imputed to the original lender.[33] The only alleged connection between the original lender

---

[30]Deutsche and HRI's Motion for Judgment on the Pleadings, Docket Entry No. 18, p. 3.

[31]Response to Deutsche and HRI, Docket Entry No. 21, ¶ 10.

[32]Even if the court were to accept Husk's agency argument regarding HRI, the court would still dismiss any action against HRI because all causes of action against Deutsche will be dismissed.

[33]First Amended Petition, Docket Entry No. 8, ¶¶ 47-48.

and Deutsche is the transfer of the promissory note and the deed of trust.[34] Husk does not allege that Deutsche was involved in the loan origination process or in the execution of the promissory note or the deed of trust. Deutsche and HRI argue in their Motion for Judgment on the Pleadings that Deutsche cannot be held liable for the alleged wrongdoing of the original lender and should therefore be dismissed.[35] Husk contends that as a consequence of Deutsche's lack of holder in due course status, Deutsche is liable "for any actions undertaken by the original lender arising from the mortgage documents."[36]

The court is persuaded that all claims against Deutsche should be dismissed. Deutsche and HRI point out that neither the promissory note nor the deed of trust contains any provision in which Deutsche agrees to be liable for the misconduct of the original lender. Moreover, Husk has not cited -- and the court has not found -- a single case holding that under Texas or federal law a transferee of a promissory note is vicariously liable for the transferor's actions taken in the context of the loan origination. Deutsche and HRI urge the court to follow Belanger v. BAC Home Loans Servicing, L.P., 839 F. Supp. 2d 873, 876-77 (W.D. Tex. 2011), a case from the Western District of Texas in which the court

---

[34]Id.

[35]Deutsche and HRI's Motion for Judgment on the Pleadings, Docket Entry No. 18, p. 4.

[36]Response to Deutsche and HRI, Docket Entry No. 21, ¶ 10.

held that under Texas law a transferee could not be held liable for the transferor's negligence in approving a loan without securing accurate financial information. In Belanger the court relied on the fact that the transferee had not been involved with the origination of the home loan. Id. at 877.

Belanger applies with equal force to Husk's actions for negligence, fraud, and breach of fiduciary duty. The determining factor is not that the transferor engaged in a certain type of misconduct -- whether it be fraud or negligence -- but that the transferee had no role in the loan origination and no contact with the borrower when the alleged wrongdoing was committed. The court also concludes that because Deutsche had no involvement in the alleged "kickback" (the payment of the YSP), Deutsche cannot be held liable under RESPA. Holder in due course status, or lack thereof, is irrelevant here. Accordingly, the court concludes that Deutsche cannot be held liable for the original lender's conduct before Deutsche had any involvement with the loan. Deutsche is therefore entitled to judgment as a matter of law.

    3.   Request for Leave to Amend

Husk includes a request for leave to amend in his response to Deutsche and HRI's Motion for Judgment on the Pleadings. A party may generally amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of

-15-

a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases a party may only amend its pleadings with the written consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave to amend when justice so requires. Id. Rule 15(a)(2) applies here. Because Husk has neither shown how an amended complaint would be successful nor attached a proposed amended complaint, the court concludes that Husk's request for leave to amend should be denied.

## IV. Conclusion and Order

The court concludes that all claims against AMG are time-barred. Accordingly, AMG's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**. The court further concludes that Deutsche and HRI are entitled to judgment as a matter of law on all claims. Therefore, Deutsche and HRI's Motion for Judgment on the Pleadings (Docket Entry No. 18) is **GRANTED**. Husk's request for leave to amend (contained in Plaintiff's Response to Deutsche and HRI's Motion for Judgment on the Pleadings, Docket Entry No. 21) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 12th day of March, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE